IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31259
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES R. ORGERON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-96-ALL-C
- - - - - - - - - -
April 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James R. Orgeron appeals from the jury conviction under 18 U.S.C. § 228 for willful failure to pay child support. Orgeron argues that the evidence is insufficient to prove beyond a reasonable doubt that he willfully failed to pay child support because his failure to make partial payments did not adequately establish willfulness.

Orgeron's timely motion pursuant to Fed. R. Crim. P. 29(c) is sufficient to preserve his insufficiency argument for appellate review. United States v. Allison, 616 F.2d 779, 784 (5th Cir.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1980). This court reviews the district court's denial of a motion for judgment of acquittal <u>de novo</u>. <u>United States v. Ferguson</u>, 211 F.3d 878, 882 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 258 (2000). In evaluating the sufficiency of the evidence, the court "must determine whether, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." <u>Id.</u>

We have reviewed the record and hold that a reasonable trier of fact could find that the evidence establishes beyond a reasonable doubt that Orgeron knew of the legal duty to pay child support, that he could have paid some amount toward his past due support obligation, and that he willfully chose not to pay anything. <u>United States v. Mathes</u>, 151 F.3d 251, 253-54 (5th Cir. 1998). Accordingly, the judgment of the district court is AFFIRMED.